United States District Court
Southern District of Texas

**ENTERED**

November 21, 2016

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| MICHELLE PADILLA, | § | |
| Movant, | § | |
| | § | |
| v. | § | Case No. 1:16-cv-278 |
| | § | (Criminal No. 1:15-cr-1006-2) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

The Court is in receipt of Michelle Padilla's pro se "Motion to Vacate Set Aside Sentence Pursuant Under 28 U.S.C. § 2255 and Amendment 79[4]" (hereinafter, Padilla's "Motion"). Dkt. No. 1. For the reasons provided below, Padilla's Motion fails to state a cognizable § 2255 claim. Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the undersigned recommends that Padilla's § 2255 Motion be summarily dismissed with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## I. Jurisdiction

This Court has jurisdiction over Padilla's § 2255 Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II. Background and Procedural History

On December 2, 2015, Padilla pleaded guilty to possession with intent to

distribute a quantity more than fifty grams, that is, approximately 1 kilogram of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. *See United States of America v. Michelle Padilla*, No. 1:15-cr-1006-2, Dkt. No. 139 at 1.[1]  On June 2, 2016, United States District Judge Rolando Olvera sentenced Padilla to 60 months of imprisonment, and five years of supervised release with special conditions. *Id*. at 2-4.  Judgment was entered on June 2, 2016. *Id*. at 1.  Padilla did not file a direct appeal.  The Clerk's office filed Padilla's Motion on October 31, 2016.  Dkt. No. 1 at 1.[2]

### III.  Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United*

---

[1]  Hereinafter, Padilla's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2]  In general, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *See generally* FED. R. APP. P. 4(c)(1); *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992). Padilla did not indicate when she placed her Motion in the prison mailing system.  Dkt. No. 1.  However, as the Motion was filed by the clerk's office well within the statute of limitations, the Court considers the Motion filed on that date.

*States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## IV. Discussion

In her Motion, Padilla contends that she is entitled to receive the benefit of Amendment 794 to the United States Sentencing Guidelines (hereinafter, "U.S.S.G"). *Id.* 1 at 2-3. Amendment 794 revised the commentary to U.S.S.G. § 3B1.2, which provides for mitigating role adjustments for the "substantially less culpable than average participant." U.S.S.G. § 3B1.2, cmt. n. 3(A) (2014). The United States Sentencing Commission drafted Amendment 794 to make it clear that, when determining whether a defendant played a minor or minimal role in the subject criminal activity, the district court should compare the defendant to the other co-participants in the criminal activity, as opposed to the "universe of persons participating in similar crimes." *United States v. Gomez-Valle*, 828 F.3d 324, 329 n. 23 (5th Cir. 2016) (quoting U.S.S.G. app. C, amend. 794, at 116–18 (Supp. Nov. 1, 2015) (internal citations and quotation marks omitted). Amendment 794 also revised the commentary to § 3B1.2 in other ways. Specifically, the Amendment:

> "revise[d] the commentary to emphasize that the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative and that such a defendant may receive a mitigating role adjustment, if he or she is otherwise eligible." . . . Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role

adjustment.  In addition, Amendment 794 provides that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline."

*Id.* at 329–30 (citations omitted, formatting altered)

Padilla argues that the Court should apply Amendment 794 retroactively to allow her to receive a reduction in her sentence.  Dkt. No. 1 at 1, 3.  In support of her argument, Padilla relies upon *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016).  Dkt. No. 1 at 2-3.  In *Quintero-Leyva*, the Court of Appeals for the Ninth Circuit determined that Amendment 794 applies retroactively on direct appeal.  *Quintero-Leyva*, 823 F.3d 519, 522.[3]  Padilla does not allege any facts indicating that applying Amendment 794 in her case would be in the interests of justice or otherwise appropriate.  Dkt. No. 1.

Padilla's Motion is virtually identical to other motions recently filed in this Court.  *See, e.g., Estela Orea v. United States of America*, 1:16-cv-241, Dkt. No. 1.  This indicates that she has copied a motion used by other prisoners, assuming that the arguments contained therein are applicable to her case.  The arguments contained in Padilla's Motion, however, are not applicable to her case.  Padilla argues for the retroactive application of Amendment 794, but Amendment 794 became effective on November 1, 2015,[4] over seven months before the Court

---

[3]  In *Gomez-Valle*, the Fifth Circuit did not reach the issue of whether Amendment 794 may be applied retroactively.  *Gomez-Valle*, 828 F.3d 324, 330 (noting that the issue is a "matter of first impression in this circuit," but finding that Gomez-Valle's particular case did not require resolution of the issue).
[4]  *Gomez-Valle*, 828 F.3d 324, 327 n.3 (citing the "Sentencing Guidelines for United States Courts, 80 Fed. Reg. 25,782, 25,782 (May 5, 2015)").

sentenced Padilla.  *See* Dkt. No. 139 at 1.  Padilla's presentence investigation report ("PSR") stated that Padilla should receive no enhancement based upon her role in the offense.  CR Dkt. No. 62 at ¶ 43.  The Court did not apply the enhancement and adopted the PSR in its entirety, which indicated that Padilla was an average participant, as opposed to a minor or minimal participant.  *See* CR Dkt. No. 47 at ¶¶ 7-34.  There is no evidence in the record to suggest that Padilla was prevented from taking advantage of Amendment 794's provisions, had the facts of her case justified their application.

More importantly, for purposes of stating a claim, a federal prisoner may only obtain relief under § 2255 if their "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a). A prisoner may not attack a court's technical application of the sentencing guidelines in a § 2255 motion because such a claim is not cognizable under 28 U.S.C. § 2255.  *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992) (per curiam) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."); *United States v. Arias-Lopez*, No. CA C-12-148, 2013 WL 628694, at *4 (S.D. Tex. Feb. 19, 2013) ("A court's technical application of the sentencing guidelines is not cognizable in a § 2255 motion.") (citations omitted). Thus, to the extent Padilla is seeking relief pursuant to § 2255, her motion is subject to dismissal because she has failed to state a cognizable claim.

## V.  Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted).  Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484.  Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability should not issue in this case because Padilla has not made a substantial showing of the denial of a constitutional right.

## VI.  Recommendation

For the foregoing reasons, Padilla's Motion fails to state a cognizable § 2255 claim.   Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the undersigned recommends that Padilla's § 2255 Motion (Dkt. No. 1) be summarily dismissed with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 21st day of November, 2016.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**